[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10296
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:08-cr-00223-MEF-SRW-1

USA,

Plaintiff - Appellee,

versus

CHARLES EDWARD SHERUM,
a.k.a. charlie5895,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 13, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Charles Edward Sherum appeals his 15-month, low-end guidelines sentence

following his conviction for transferring obscene material to a minor, in violation of 18 U.S.C. § 1470. On appeal, Sherum argues that his sentence should be vacated because it is unreasonable based on the evidence he offered in mitigation, and was longer than necessary to achieve the statutory purposes of sentencing. After review of the record and the parties' briefs, we affirm the district court's sentence.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009) (citation omitted). The reasonableness inquiry is a two-step process. *Id*. (citation omitted). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

First, we determine whether the district court "committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines range as mandatory, or failing to consider the 18 U.S.C. § 3553(a) factors." *Sarras*, 575 F.3d at 1219 (citation omitted). Procedural errors can also include selection of a sentence that is based on clearly erroneous facts, or failure to adequately explain the chosen sentence. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (citation omitted). The § 3553(a) factors need not be

discussed individually, as the district court just needs to have considered the arguments and factors in § 3553(a). *Talley*, 431 F.3d at 786 (citation omitted).

Second, we review the sentence for substantive reasonableness in light of the record and the § 3553(a) factors. *United States v. Beckles*, 565 F.3d 832, 845 (11th Cir. 2009) (citation omitted). The sentencing court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a).[1]

The weight given to any § 3553(a) factor is within the sound discretion of the district court, and we do not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (citation

[1] The relevant § 3553(a) factors include:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed . . . treatment . . .;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range . . . ;
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

omitted). "[W]e recognize that there is a range of reasonable sentences from which the district court may choose . . . ." *Talley*, 431 F.3d at 788.

We ordinarily expect a sentence within the advisory guidelines range to be a reasonable one. *Id*. We will only remand a sentence when the district court commits "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quotation omitted).

With this background, we turn to Sherum's challenges to the reasonableness of his sentence. Because Sherum does not offer argument pertaining to the procedural reasonableness of his sentence, he has abandoned any such argument. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating that a party abandons an issue if he does not raise it in his initial brief). Even if such an argument was made however, Sherum's sentence is procedurally reasonable because the district court acknowledged that it considered the § 3553(a) factors, noted the guidelines were advisory and articulated its reasons for imposing the sentence. *Cf. United States v. Jennings*, 599 F.3d 1241, 1255 (11th Cir. 2010) (finding that a sentence was procedurally reasonable where "the court clearly articulated the section 3553 factors, noted the guidelines were advisory and articulated its reasons for imposing the sentence").

4

With respect to the substantive reasonableness of Sherum's sentence, the district court stated that a 15-month sentence was necessary to achieve two goals of sentencing: (1) to guarantee that Sherum would have no online contact with minors; and (2) to ensure that Sherum received medical treatment, which was the court's "first priority." (Doc. 45 at 73–76). That the district court placed more weight on these sentencing objectives than Sherum's argument in mitigation, is within its sound discretion, and we will not re-weigh the relevant factors on appeal. *See Amedeo*, 487 F.3d at 832. Moreover, the district court sentenced Sherum at the bottom end of the guidelines range (15 to 21 months), and well below the statutory maximum of 10 years. 18 U.S.C. § 1470; *see also Talley*, 431 F.3d at 788 (finding a sentence at the low end of the guidelines range was reasonable); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam), *cert denied*, 129 S. Ct. 2848 (2009) (concluding that a sentence was reasonable in part because it was well below the statutory maximum).

Furthermore, "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable." *Sarras*, 575 F.3d at 1220; *Pugh*, 515 F.3d at 1202 ("[W]e have typically treated child sex offenses as serious crimes, upholding severe sentences in these cases."). Here, the district court

5

imposed a sentence that reflects the nature and circumstances of the offense and the other considerations stated in § 3553(a).

Thus, we conclude that the district court did not commit a "clear error in judgment" by sentencing Sherum to 15 months' imprisonment.

As a result, we affirm.

**AFFIRMED.**